[No. 1949.]

Sam Watson v. The State.

1. PRACTICE.— APPEAL BOND from the justice's to the county court which requires the personal appearance of the defendant at the next term of the county court imposes a condition not required by the statute, and makes the bond more onerous than a statutory appeal bond.

2. SAME — SURPLUSAGE.— If an appeal bond in a criminal cause contains a condition not required by the Code of Procedure, it cannot be treated as mere surplusage.

3. SAME — RIGHT OF APPEAL.— The right of appeal in such cases is not available to a defendant unless he files with the justice of the peace a valid statutory appeal bond enforceable against him and his sureties.

APPEAL from the County Court of Brazoria.   Tried below before the Hon. H. Masterson, County Judge.

The opinion discloses the entire case.

*J. H. Norris*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.   Defendant was convicted in a justice's court of an assault, and was fined $5.   He appealed to the county court, where his appeal, upon motion of the county attorney, was dismissed upon the ground that the appeal bond was more onerous than the law required, in that it was conditioned for the "personal appearance" of the defendant before the county court.   In all other respects the bond is in proper form, and conditioned in accordance with the statute.   (Code Crim. Proc., arts. 854–5; Will. Cr. Forms, 810, p. 391.)

Said condition in the bond which requires the defendant "to make his personal appearance before the next regular term of the county court," etc., and "from day to day thereafter, and not depart from said county court," etc., is certainly a condition which is not required by the statute, and renders the bond more onerous than a statutory appeal bond in such cases.   It has uniformly been held in this State that a statutory bond must, in every essential particular, conform to the statute, and when it contains a condition more onerous than required by the statute the bond is a nullity; and that a condition in a bond not required by the statute cannot be treated as surplusage.   (*Turner* v. *The State*, 14 Texas Ct. App., 168, and cases therein cited.)

While it was the defendant's right to appeal from the justice's judgment, it devolved upon him, in order to avail himself of such right, to file with the justice a valid appeal bond, such as is required by the statute,— such as would, in case of forfeiture thereof, support a judgment against him and his sureties.   Having failed to file such a bond, the defendant has no just cause of complaint against the judgment of the court dismissing his appeal· and said judgment is affirmed.

*Affirmed.*